IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARGARITO URIAS-RUBIO, a/k/a,**
**JOE ARRELANO ZAVLIA,**

       Plaintiff,

vs.                                                 Civ. No. 09-381 BB/ACT

**LINCOLN COUNTY NARCOTICS UNIT,**
**LINCOLN COUNTY SHERIFF'S OFFICE,**
**LINCOLN COUNTY, NEW MEXICO,**

       Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss filed May 15, 2009 [Doc. 7]. This case was referred to the undersigned United States Magistrate Judge on April 22, 2009, to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1) [Doc 3]. Having considered the pleadings and the relevant law, the undersigned recommends that Plaintiff's Complaint be dismissed with prejudice.

## PROPOSED FINDINGS

1.      This is a *pro se* civil rights action brought under 42 U.S.C. § 1983 by Margarito Urias-Rubio, a/k/a Joe Arrelano Zavlia ("Plaintiff"). Plaintiff alleges that on October 3, 2003, his vehicle was improperly seized by the Defendants.

2. Defendants filed a Motion to Dismiss on May 15, 2009, asserting that the statute of limitations had run on Plaintiff's claim [Doc. 7].  Plaintiff responded on June 29, 2009 [Doc. 11] asserting that he did not know until 2007 that the defendants had seized his vehicle.  Defendants replied on July 13, 2009 [Doc. 12].

3. New Mexico's three-year personal injury statute applies to § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261 (1985) ("In view of our holding that § 1983 claims are best characterized as personal injury actions, the Court of Appeals correctly applied the 3-year statute of limitations governing actions 'for an injury to the person or reputation of any person.'") (quoting N.M.S.A. § 37-1-8 (1978)).

4. "The accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384 (2007).  Accrual under § 1983 is governed by "federal rules conforming in general to common-law tort principles." *Id*.  Accrual occurs "when the plaintiff has a complete and present cause of action." *Id*. (internal quotations omitted).  This phrase means that accrual occurs when the plaintiff "can file suit and obtain relief." *Id.* "In general, under the federal discovery rule, claims accrue and [t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (internal quotations omitted).  The focus is on "whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm.  In this context, a plaintiff must use reasonable diligence in seeking to discovery facts giving rise to a claim for relief." *Id.* at 1216 (internal citations omitted).

5. The relevant dates in the record are as follows:  Plaintiff asserts in his response that he was arrested in the State of Arizona on August 12, 2003, and incident to this arrest, a search was

2

conducted on his residence in Ruidoso, New Mexico. Plaintiff further asserts that the search was conducted by federal agents who were accompanied by Lincoln County personnel.

6.	Attached to the Motion to Dismiss are two state court records.[1] Exhibit A is a Petition for Forfeiture filed by the Lincoln County District Attorney on October 8, 2003 with the same vehicle identification number and description as the vehicle the Plaintiff is alleging was seized in this case. Exhibit B is a Default Judgment of Forfeiture entered by Judge Karen L. Parsons on November 3, 2003 concerning this same vehicle. It states that the "[s]ervice of Summons and Petition for Forfeiture were served by the Case Manager, Heather Neal, on October 10, 2003."

7.	Attached to Plaintiff's response is a docket sheet for what appears to be the state court forfeiture proceeding. It shows that a summons was issued to the respondent who is listed as Jose Arrelano Zavala (Plaintiff's alias); that the pleadings were mailed to respondent on October 3, 2003; and that the court received a return of service on October 10, 2003. Also attached to Plaintiff's response is a June 11, 2007, letter to the "Office of Profession(sic) Responsibility" stating that he bought the vehicle at issue "for the purpose of contracting transportation services to the oil field industry" and after he was arrested, his fiancee was going to run the business while he was in incarcerated.[2] [Doc. 11 at Exh. 4.]

8.	The record demonstrates that Plaintiff knew or should have known that his vehicle was seized on or about October 3, 2003. According to the state court pleadings, he was served with

---

[1] On motion to dismiss for failure to state a claim, the district court can take judicial notice of materials in state court's file without converting the motion to one for summary judgment. *Pace v. Swerdlow*, 519 F.3d 1067, 1071 (10th Cir. 2008).

[2] When a motion to dismiss is based on lack of subject matter jurisdiction and the jurisdictional question is not intertwined with the merits of the case, the court is not required to convert a motion to dismiss on statute of limitations grounds into a motion for summary judgment. *Trobaugh v. United States*, 35 Fed. Appx. 812 (10th Cir. 2002) citing *Gonzalez v. United States*, 284 F.3d 281, 287 (1st Cir. 2002).

the summons and Petition for Forfeiture. Plaintiff admits he knew that enforcement personnel searched his property after his arrest in 2003. Thus, even if he did not receive notice, he or his attorney could have inquired about the location of his vehicle. He also states in his June 11, 2007 letter that his girlfriend was going to use the car after his arrest to run a business. Apparently that did not happen. The Court concludes that the fact that his vehicle had been seized was or should have been apparent to the Plaintiff in 2003. *Nicholas v. Boyd*, 317 Fed.Appx. 773, 778 (10th Cir. 2009) ("A civil rights action accrues when facts that would support a cause of action are or should be apparent.") (citation omitted).

9.      Plaintiff appears to argue that the statute of limitations is tolled because he did not know until 2007 that it was Lincoln County and not the FBI who had possession of the vehicle. He further argues that the fact that he reopened his forfeiture case in state court on April 6, 2007 affects the running of the statute of limitations.³ The Court will analyze these assertions under the continuing violation theory and equitable tolling.

10.     The continuing violation theory "is a creation of federal law that arose in Title VII cases" and "recognizes that certain violations are continuing in nature and provides that a claim asserting such a violation is timely if administrative charges are filed within the period applicable to the last act in the continuing series." *Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1513 (10th Cir. 1997). The Tenth Circuit Court of Appeals has not extended the continuing violation doctrine to § 1983 actions. *Young v. Eskestrand*, 2009 WL 143868 (D. Colo. 2009) (citations omitted); *Bergman v. U.S.*, 751 F.2d 314, 317 (10th Cir. 1984), *cert. denied*, 550 U.S. 975 (2007).

---

³Plaintiff states that "[a]fter more than a years(sic) delay and inaction by the court the instant action was filed." [Doc. 11 at 2.]

11.     State law governs the application of tolling in a civil rights action. *Alexander v. Oklahoma*, 382 F.3d at 1217. Equitable tolling applies before a complaint is filed when the litigant was prevented from filing suit because of "extraordinary events beyond his or her control." *Ocana v. Am. Furniture Co.*, 135 N.M. 539, 91 P.3d 58 (2004). "Such extraordinary event[s] include conduct by a defendant that caused the plaintiff to refrain from filing an action during the applicable period." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (internal quotations omitted). There are no facts in the record to support any claim of equitable tolling. To the contrary, the facts before the Court demonstrate that the Defendants served a Petition of Forfeiture on Plaintiff concerning the seizure of his vehicle.

12.     Thus, the limitation period applicable to Plaintiff's claim accrued in 2003, more than three years prior to Plaintiff's filing of his Complaint. Construing the allegations of the Complaint in the light most favorable to the Plaintiff, it is clear that his claim is untimely. Thus, Plaintiff cannot prevail and the Court will recommend that Plaintiff's Complaint be dismissed with prejudice.

13.     In his response to the Defendants' Motion to Dismiss, Plaintiff moved for summary judgment. [Doc. 11.] For the same reasons discussed above, the Court will recommend that Plaintiff's motion for summary judgment be denied.

## **RECOMMENDED DISPOSITION**

The Court recommends that Defendants' Motion to Dismiss be granted, Plaintiff's Motion for Summary Judgment be denied and Plaintiff's Complaint filed April 17, 2009, be dismissed with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque,

NM 87102.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**